IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERCIA | : | CRIMINAL ACTION |
| v. | : | |
| STANLEY ALLSTON | : | NO. 99-409 |

MEMORANDUM

Bartle, J.                                               September 20, 2021

      Before the court is the motion of Stanley Allston for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

      Allston was found guilty by a jury of two counts of attempted possession of cocaine with the intent to distribute under 21 U.S.C. § 846.  The court sentenced him on June 1, 2000 to 360 months imprisonment to be followed by five years of supervised release.  Defendant was a career criminal with a Criminal History Category of VI.  The Court of Appeals affirmed.  United States v. Allston, 254 F.3d 1079 (3d Cir. 2001).  After filing a motion under 28 U.S.C. § 2255, he was resentenced in 2002 to 264 months on each count to run concurrently.  He was released from prison on August 15, 2018 and has completed a little over three years of his supervised release.  It is expected to expire on August 14, 2023.

>Section 3583(e)(1) provides:
>
>>(e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>>
>>(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.
>
>The factors outlined in § 3553(a) which the court must consider in determining whether to grant defendant's motion are:
>
>>(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.
>
>United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).
>
>A term of supervised release is almost always a component of any sentence where imprisonment is imposed.

See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them."  United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A):  "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See § 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release.  Melvin, 978 F.3d at 53.  While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each.  Id. at 52-53.  The defendant, of course, has the burden of establishing that early termination of his supervised release is merited. See United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Allston, currently 67 years old, resides in Philadelphia. According to his motion, he had achieved stable community reintegration with respect to residence, family, and employment. He maintains he has made progressive strides toward supervised release objectives and in compliance with all conditions of supervised release, has no history of violence, no recent arrests or convictions, no recent evidence of alcohol or drug abuse, and no identifiable risk of public safety.[1]

The court commends Allston for adhering to the terms of his supervised release and maintaining a stable residence and employment. Such conduct, of course, is expected and does not in and of itself constitute a basis to end his supervision. Defendant was convicted of serious offenses and as noted above is a career criminal with a Criminal History Category of VI. Society is better protected if defendant completes the full term of his supervised release under the watchful eye of his probation officer. After considering all the required factors under § 3583(e)(1), he has not met his burden to show that his conduct after release from prison and the interest of justice warrant the early termination of his supervised release.

---

1. Allston's motion was not accompanied by an affidavit or declaration. For present purposes, the court will accept as true the facts contained therein.

-5-

Accordingly, the motion of Stanley Allston for early termination of his supervised release will be denied.

-5-